## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

**vs.**                                                     **No.**      **CIV 00-1783 BB/LCS**
                                                                                **CR 99-1243 BB**

**BENITO HERNANDEZ-AZUA,**

    **Defendant-Movant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

      **THIS MATTER** came before the Court on Movant's (Hernandez's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Hernandez, currently incarcerated and proceeding *pro se*, attacks the Judgment and Sentence entered on March 23, 1997, in the case styled *United States of America v. Benito Hernandez-Azua*, and numbered CR 99-1243 BB, United States District Court for the District of New Mexico.  The United States Magistrate Judge, having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

      1.    On August 9, 1999, Hernandez was charged by criminal complaint with reentry of an alien who had previously been deported after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). (Doc. 1.) On October 29, 1999, Hernandez waived indictment and pleaded guilty, without a plea agreement, to a one-count information charging violation of 8 U.S.C. §1326(a)(1);(b)(2). (Docs. 10; 12 and 13.)  The maximum penalty for this offense is twenty years incarceration.  *See* 8 U.S.C. § 1326(b)(2).

2.   The Pre-sentence Report set Hernandez's criminal history at VI, which increased his base offense level from a level 8 to a level 24.  U.S.S.G. § 5A.  Hernandez received a three level reduction for acceptance of responsibility, resulting in a total offense level of 21, and a guideline range of 77-96 months.  (Doc. 16.) On March 14, 2000, the Honorable John E. Conway, United States District Judge, sentenced Hernandez to 77 months imprisonment, three years of supervised release, and a $100.00 special penalty assessment. (Docs. 15; 16.)   Hernandez did not file a direct appeal.  On December 18, 2000, Hernandez filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 17.)

3.   In his § 2255 Motion, Hernandez contends that his sentence should be set aside because the 16 level increase violated due process and he received ineffective assistance of counsel.  The § 2255 Motion, filed within one year of the Judgment and Sentence, is timely under the Antiterrorism and Effective Death Penalty Act.  *See*  28 U.S.C. § 2255.   An evidentiary hearing is not required because the Court has determined the motion, files, and records of the case conclusively show Hernandez is entitled to no relief.  *See id.*

4.   Hernandez failed to raise his claims on direct appeal.  Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal.  *See United States v. Frady*, 456 U.S. 152 (1982)*; United States v. Allen*, 16 F. 3d 377, 378 (10th Cir. 1994).  A defendant is procedurally barred from presenting any claim in a 2255 motion that he failed to present on direct appeal unless he can demonstrate cause for the procedural default and prejudice suffered thereby, or that the failure to hear the claim would result in a fundamental miscarriage of justice.  *United States v. Wright*, 43 F. 3d 491, 496 (10th Cir.1994).  A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel.  *United States*

2

*v. Cook*, 45 F. 3d 388, 392 (10th Cir.1995). Hernandez couches his arguments in terms of ineffective assistance of counsel. Under these circumstances, the claims are not procedurally defaulted.

5.  Both the due process and the ineffective assistance of counsel claims are based on the premise that Hernandez was improperly sentenced under § 1326(b) because his prior felony was not set out in the information and proven beyond a reasonable doubt. This argument is precluded by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) (holding that § 1326(b)(2) is a penalty provision, rather than a separate substantive crime, and that the government does not, therefore, have to charge the fact of an earlier conviction in the charging document).

6.  Hernandez argues that *Almendarez-Torres* was overruled by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Hernandez is mistaken. *Apprendi* unambiguously states that "the fact of a prior conviction" is not one that "must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* Thus, *Apprendi* did not overrule *Almendarez-Torres* with respect to prior convictions. *United States v. Martinez-Villalva*, 232 F. 3d 1329, 1332 (10th Cir.2000). Hernandez's case falls within the prior conviction exception to the *Apprendi* holding and is governed by *Almendarez-Torres*. *See Martinez-Villalva*, 232 F. 3d at 1332. Accordingly, the Government was not required to set out the prior convictions in the charging document and prove them beyond a reasonable doubt. Hernandez's due process argument is without merit.

7.  The ineffective assistance of counsel claim is similarly flawed. In order to establish that he received ineffective assistance in violation of the Sixth Amendment, a defendant must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show his counsel

3

was constitutionally deficient, a defendant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Strickland*, 466 U.S. at 690.  In order to demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.

8.      The *Strickland* inquiry is " 'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir.1997). A fair assessment of attorney performance requires a reviewing court "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  Moreover,  ineffective assistance of counsel claims may be resolved on either performance or prejudice grounds alone.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir.1995).

9.      Hernandez claims his attorney, Maria Laverde, was ineffective because she failed to argue that the 16 level increase violated due process because the underlying convictions were not charged and proven beyond a reasonable doubt and failed to raise this issue on appeal.  Hernandez contends that, due to this omission, his sentence was longer than it should have been.  This argument is foreclosed by *Almendarez-Torres v. United States*.  An argument that the 16 level increase violated due process because it was not charged and proven beyond a reasonable doubt would have been denied as legally untenable, whether raised before the trial court or the appellate court.  Failure to raise a specious argument does not constitute ineffective assistance of counsel.  *See United States v. Cook*, 45 F.3d at 392-393.  Ms. Laverde was not ineffective for failing to argue that the 16 level

4

increase violated due process.

10. Hernandez vaguely alludes that Ms. Laverde failed to prepare for trial or investigate. Hernandez, however, fails to allege any factors indicating that additional investigation or preparation would have altered the outcome of his case. The record establishes that Laverde's approach was well within the ambit of reasonable representation and did not constitute ineffective assistance of counsel.

## RECOMMENDED DISPOSITION

I recommend that Hernandez's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**